[Civ. No. 3732. First Appellate District, Division One.—April 1, 1921.]

In the Matter of the Estate of PETER SENG, Deceased. E. A. MOELLERING et al., Appellants, v. J. L. HASKINS et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—SALE OF REAL PROPERTY—APPORTIONMENT OF COMMISSIONS.—Where upon the hearing of a return of sale of real property belonging to the estate of a deceased person the court, following a custom and practice, allowed the brokers who returned the bid a commission on the amount thereof, and the agents who procured the increased bid a commission on the amount of the increase, the latter were not parties aggrieved by the order as to the former. (Opinion of supreme court as to practice not expressed on denial of hearing.)

[2] ID. — APPEAL — ORDER FIXING COMMISSIONS OF REAL ESTATE AGENTS—DISMISSAL.—An order fixing and apportioning the commissions of real estate agents upon the confirmation of a sale of real property belonging to the estate of a deceased person is not an appealable order. (Opinion of supreme court on denial of hearing.)

APPEAL from an order of the Superior Court of Santa Clara County fixing the amount of commissions on sale of real property of an estate of a deceased person. P. F. Gosbey, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Fry & Jenkins for Appellants.

Maurice Rankin, Archer Bowden and H. W. A. Weske for Respondents.

KERRIGAN, J.—This appeal is from an order made in a probate proceeding fixing the amount of commissions to be paid to certain real estate agents for the sale of real property belonging to the estate.

The executor of the will of Peter Seng, deceased, employed the appellants Moellering & Goodwin, and also the respondent Haskins, all of whom were real estate agents, to effect the sale. The contract was entered into in conformity with the provisions of section 1559 of the Code of Civil Procedure. The respondent Haskins procured certain purchasers for the property for the sum of seven thousand dollars. The bid of these purchasers was duly returned to the court, but before the hearing on confirmation appellants also procured a purchaser. The bid of this proposed purchaser was received too late to be returned, but at the hearing in open court he offered an increase of ten per cent over the returned bid, whereupon the sale was confirmed to him for the sum of seven thousand seven hundred dollars. The court thereupon found that five per cent upon the purchase price secured for the property was a reasonable and proper amount to be allowed as a commission, and made the order, here appealed from, dividing such commissions on the sale between appellants and respondent, by giving to the respondent who procured the first bidder five per cent on the sum of seven thousand dollars, the amount of his bid, and giving to appellants, who procured the second (and successful) bidder, five per cent on seven hundred dollars, the additional amount procured.

It is the contention of the appellants that under the provisions of section 1559 of the Code of Civil Procedure, respondent is not entitled to the sum allowed him, or to any commission, but that appellants are entitled to the whole thereof.

Section 1559 of the Code of Civil Procedure reads as follows: "Any executor or administrator may enter into a contract with any *bona fide* real estate agent to secure a purchaser for any real property belonging to an estate, which contract shall provide for payment to such agent out of the proceeds of sale to any purchaser secured by him of a commission the amount of which must be fixed and allowed by the court upon confirmation of the sale. If a sale to a purchaser obtained by such agent is returned to the court

for confirmation, and said sale be confirmed to such purchaser, such contract shall be binding and valid as against the estate for the amount so fixed and allowed by the court.

"By the execution of any such contract no personal liability shall attach to the executor or administrator, and no liability of any kind shall be incurred by the estate unless an actual sale be made and confirmed."

It appears from the record that the court in making the order in the manner indicated followed the custom and practice which obtains in Santa Clara County to the effect that the broker who brings in the bid which is returned is allowed his commission on the amount of such bid, and the agent who procures a subsequent bidder is allowed a commission on the amount which his bid exceeds that of the one returned; and respondents claim that appellants contracted with this custom in view, and are bound thereby. It is further contended by respondent that the order directing the payment of commissions to real estate agents is not an appealable order; and further, even assuming it to be such, that the amount to be paid is purely a matter within the discretion of the trial court, and for that reason it is binding upon the appellants. Appellants' claim is based upon a literal construction of section 1559 of the Code of Civil Procedure. As pointed out by respondent, under such a construction neither party would be entitled to a commission. Respondent procured a purchaser, but his bid was not confirmed as required by the statute; and appellants' bid does not meet the requirements of the provision for the reason that it was never returned.

[1] Whatever conclusion might be reached as to what is the proper construction to be given to the act we do not deem material. Nor do we consider a discussion of the other points raised necessary, for it seems plain to us that appellants are in no manner aggrieved by the order appealed from. Neither the estate nor the heirs are complaining of the amount allowed respondent for his services; and if appellants have any claim against the estate for services rendered, their remedy is an appropriate proceeding for its recovery. What benefits respondent may have secured under the order is no concern of theirs.

The appeal is dismissed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1921, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied.

[2] We are satisfied that the order appealed from is not an appealable order. In probate proceedings appeals lie only as prescribed by our statutes, and an order of the character here involved is not among those specified as appealable. The appeal, therefore, was properly dismissed by the district court of appeal. Our denial of the petition is, of course, not to be taken as indicating any view on our part as to the correctness of the practice of the trial court in the matter of the fixing and apportionment of commissions of real estate agents under section 1559 of the Code of Civil Procedure, or as to the allowance thereunder of a commission to an agent on account of a purchaser to whom the sale is not confirmed.

All the Justices concurred.