[Civ. No. 4608. First Appellate District, Division Two.—August 17, 1923.]

In the Matter of the Estate of ANTONE F. SMITH, etc., Deceased. MANUEL PIMENTAL et al., etc., Appellants, v. JAMES A. CLAYTON & CO. et al., Respondents.

**[1]** APPEAL—COMMISSION OF REAL ESTATE BROKER—ORDER OF PROBATE COURT DIRECTING PAYMENT—NONAPPEALABILITY OF.—An order directing the payment out of estate funds of a commission to a real estate broker who was engaged by a commissioner under the court's authority to find a purchaser for the estate property and who procured an unsuccessful bidder is not an appealable order.

**[2]** ID.—ORDER NOT ONE DIRECTING DISTRIBUTION OR PARTITION OF PART OF ESTATE—SUBDIVISION 3, SECTION 963, CODE OF CIVIL PROCEDURE.—An order directing the payment out of estate funds of a commission to a real estate broker for services is not in effect an order "directing the distribution or partition" of a part of the estate within the meaning of section 963, subdivision 3, of the Code of Civil Procedure, designating the orders in probate from which an appeal may be taken.

[3] ID.—"DIRECTING DISTRIBUTION OR PARTITION" OF ESTATE—MEAN-
ING OF.—The words "directing the distribution or partition" of
an estate, or any part thereof, found in subdivision 3 of section
963 of the Code of Civil Procedure, designating the orders in
probate from which an appeal may be taken, are used therein in
their ordinary sense referring to distribution or partition to the
heirs and those entitled to share in the estate, but do not refer
to the payment of claims or charges against the estate for ser-
vices rendered in the course of probate.

APPEAL from an order of the Superior Court of Santa
Clara County directing the payment of a real estate
broker's commission out of estate funds. P. F. Gosbey,
Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Owen D. Richardson for Appellants.

Louis Oneal and Wm. F. James for Respondents.

NOURSE, J.—This is an appeal from an order directing
the payment out of the funds of the estate of a commission
to a real estate broker engaged by a commissioner on par-
tition of real and personal property of the estate. A sale
for the purpose of partition was ordered by the court in
due form and, acting under a special order of the court,
the commissioner engaged the real estate broker to find a
purchaser for the property. Through the aid of this
broker the commissioner offered for confirmation a sale of
the property for seventy thousand dollars, but at the time
of the hearing certain heirs of the estate procured a bid of
seventy-seven thousand dollars and this offer was confirmed
by the court. The matter of the payment of the broker's
commission was continued for hearing to a day subsequent
to the order of confirmation and in a special order, made
September 24, 1921, the court directed the payment of
three thousand five hundred dollars to the broker. It is
from this order that the appeal is taken.

[1] Respondent insists that the order is not appealable.
The question seems to have been settled by the order of the
supreme court in denying a rehearing in *Estate of Seng*, 52
Cal. App. 149, 152 [198 Pac. 809, 810]. In that case the
appeal was from a similar order which we are informed is

peculiar to the superior court of Santa Clara County, and which, as here, bestowed a bounty upon a real estate broker who procured an unsuccessful bidder. The appeal was taken by the broker who procured the successful bidder complaining of the award made to the broker who was unsuccessful. The appellate court of the first division of this district dismissed the appeal on the ground that the appellant was not aggrieved by the allowance made to the other broker.

In denying a transfer to the supreme court the latter court said: "We are satisfied that the order appealed from is not an appealable order. In probate proceedings appeals lie only as prescribed by our statutes, and an order of the character here involved is not among those specified as appealable. The appeal, therefore, was properly dismissed by the district court of appeal. Our denial of the petition is, of course, not to be taken as indicating any view on our part as to the correctness of the practice of the trial court in the matter of the fixing and apportionment of commissions of real estate agents under section 1559 of the Code of Civil Procedure, or as to the allowance thereunder of a commission to an agent on account of a purchaser to whom the sale is not confirmed."

[2] Appellants insist that their appeal differs from the Seng case because the order here under consideration is in effect an order "directing the distribution or partition" of a part of the estate within the meaning of section 963, subdivision 3, of the Code of Civil Procedure, designating the orders in probate from which an appeal may be taken. [3] We are satisfied that these words are used in the section in their ordinary sense referring to distribution or partition to the heirs and those entitled to share in the estate and that they do not refer to the payment of claims or charges against the estate for services rendered in the course of probate.

Appeal dismissed.

Langdon, P. J., and Sturtevant, J., concurred.